IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STORE FINANCIAL SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-mc-202-JAR |
| | ) |
| STONEEAGLE SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## TRANSFER ORDER

This action arises from a patent case pending in the United States District Court for the Middle District of Florida, *StoneEagle Services, Inc. v. Pay-Plus Solutions, Inc.*, Case No. 13-2240. The plaintiff in the underlying patent case, StoneEagle Services, Inc. ("StoneEagle"), served a Kansas-based corporation, Store Financial Services, Inc. ("Store"), with both a document subpoena and a subpoena to depose a corporate representative, compliance with both to occur in Kansas. Store is not a party in the patent litigation. On January 29, 2015, Store filed a motion in this court to quash the subpoena to depose a corporate representative (ECF doc. 1). On February 19, 2015, StoneEagle filed a motion to compel Store's compliance with the document subpoena (ECF doc. 11). Both motions are now ripe.

On February 27, 2015, Store filed a notice that it consented to transfer of the motions to the Middle District of Florida pursuant to Fed. R. Civ. P. 45(f) (ECF doc. 25). The

undersigned U.S. Magistrate Judge, James P. O'Hara, convened a telephone conference on March 2, 2015, to discuss transfer. Store appeared through counsel, Christopher L. Kurtz and Mary C. O'Connell. StoneEagle appeared through counsel, Kathleen M. Wade and Jennifer B. Wieland.

Rule 45(f) provides, in relevant part, "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents . . . ." Store confirmed during the telephone conference that it consented to the transfer of the pending motions to the Middle District of Florida, and StoneEagle stated that it did not oppose the transfer. The parties requested that the pertinent motions and all related briefs be transferred to the Tampa Division of the Middle District of Florida and assigned to the district judge and magistrate judge assigned to the underlying patent case.

As earlier indicated, Store and StoneEagle agree this action should be transferred, but that isn't dispositive. Given the procedural history of the patent litigation in Florida, as well as the recent transfer of a related subpoena-enforcement action from the Western District of Missouri to the Middle District of Florida, the undersigned finds that judicial efficiency would be fostered by transferring the instant enforcement action.

Following the above-described telephone conference, the undersigned contacted U.S. Magistrate Judge Mark A. Pizzo, who is the magistrate judge assigned to *StoneEagle Services, Inc. v. Pay-Plus Solutions, Inc.* Judge Pizzo agreed that, upon transfer of the

motions, efficiency dictates their assignment to him and Virginia M. Hernandez Covington, the U.S. District Judge presiding in the *StoneEagle* case in the Middle District of Florida.

IT IS THEREFORE ORDERED that this action, including the two subpoena-related motions and their related briefs (ECF docs. 1, 6, 11, 19, 23, and 27), is hereby transferred to the United States District Court for the Middle District of Florida.  Those documents that were sealed upon filing with this court of course shall remain sealed in the tranferee court. The undersigned respectfully requests, with the consent of Judge Pizzo, that this case be deemed related to *StoneEagle Services, Inc. v. Pay-Plus Solutions, Inc.*, Case No. 13-2240, and upon transfer be assigned immediately by the Clerk to Judges Covington and Pizzo.

Dated this 5th day of March, 2015, at Kansas City, Kansas.

                                         s/ James P. O'Hara
                                         James P. O'Hara
                                         U.S. Magistrate Judge